THE CONTINENTAL INSURANCE COMPANY, Plaintiff, v. THE ÆTNA INSURANCE COMPANY, of Hartford, Connecticut, Defendant.

*Insurance — " risk " — when it means the actual value of the property.*

The Ætna Insurance Company, and certain other companies, agreed with the Continental Insurance Company to reinsure its risks. The policy of reinsurance was indorsed as follows: "This policy covers the Continental Ins. Co., as reinsurance to the extent of one-half of the amount of each and every risk which equals or exceeds in value the sum of $15,000, and which the said Continental Ins. Co. may have on cargo of any one barge or lighter, and insured by them under their open policies issued to the following named persons:" * * * "On cargoes of the value of $50,000 and upwards this policy is to cover the excess of $25,000, not exceeding the sum of $50,000 on any one cargo."

The policy contained a prior indorsement that it should cover " one-half of the value of all cargoes shipped by Twombly & Co.," one of the persons named in the above indorsement. It also contained a condition that the insured should " enter for insurance all goods at the full value thereof."

In an action by the Continental Insurance Company to recover, among other things, under said policy for losses upon cargoes, whose value separately was less than $15,000:

*Held*, that the policy, construed in the light of the several provisions quoted, must be taken to cover those risks only where the value of the particular cargo was at least $15,000.

That the liability of the defendant did not attach where a risk was arbitrarily stated at $15,000; but the actual value of the goods was less than that sum.

Exceptions of the plaintiff, the Continental Insurance Company, taken upon a trial had at the New York Circuit, before the court and a jury, at which a verdict was rendered for the plaintiff, by direction of the court, for the sum of $137.81 upon the fourth· cause of action stated in the complaint, and the complaint was dismissed as to the first three causes of action stated therein, and directed by an order, entered in the .office of the clerk of the city and county of New York on the 13th day of January, 1891, *nunc pro tunc*, to be heard in the first instance at the General Term, and that judg ment be suspended in the meantime.

In none of the three cases of loss, for which the action was in part brought, did the value of the cargo at any time equal $15,000.

*Elihu Root* and *Samuel B. Clarke*, for the plaintiff.

*J. A. Shoudy*, for the defendant.

Barrett, J.:

This action is upon a policy of reinsurance, made by the defendant jointly with two other companies, to the plaintiff. The sole question is as to the proper construction to be placed upon the following indorsement, which was made upon the policy :

" On and after this date this policy covers the Continental Ins. Co., as reinsurance, *to the extent of one-half of the amount of each and every risk which equals or exceeds in value the sum of $15,000*, and which the said Continental Ins. Co. may have on cargo of any one barge or lighter and insured by them under their open policies issued to the following named persons, viz., Twombly & Co., John H. Starin, N. Y. Lighterage & Transportation Co., New Jersey Lighterage Co., F. W. Jarvis & Co., Johnson & Hammond, S. Haff & Co. and F. Lawson. On cargoes of the value of $50,000 and upwards this policy is to cover the excess of $25,000, not exceeding the sum of $50,000 on any one cargo."

The plaintiff claims that the words italicized refer to the amount of liability specified by the assured, while the defendant contends that they refer to the real value of the cargo insured. In other words, to the actual fact on that head rather than to the estimate of the assured. If the plaintiff's construction is correct, then the restriction in question might be rendered practically useless. For the assured could then, in all cases, specify $15,000 as the amount of insurance, and that specification, rather than the real risk, would then serve as the sole guide. We agree with the plaintiff that the word " risk " in this connection does not mean " loss." But does it for that reason mean any arbitrary sum which the assured or reinsured may fix ? We think not. Force must be given to the words which here follow the word risk, namely, the words : " Which equals or exceeds in value the sum of $15,000." The plaintiff says this means in value to the insurer ; that is, as a premium-producing sum. The defendant construes it as though it read " which equals or exceeds in value *of cargo* $15,000." We think the latter is the true construction, and that this view not only gives real effect to the limita-

tion plainly contemplated, but is in harmony with the rest of the contract. Thus, it is in harmony with the provision of the policy that the insured shall " enter for insurance all goods at the full value thereof." This expression negatives the idea that the assured may enter goods for insurance at any amount they please, however greatly in excess of the full value. The object is to specify the true value in advance of any disaster, as it is also the object, under another provision, to require payment, in case of loss, of the true value on the day of the disaster. By a previous indorsement upon this instrument, it is provided that the policy should cover " one-half of *the value of all cargoes* shipped by Twombly & Co.," on certain barges. What is there meant is plain enough. The indorsement in question is apparently a supplement to this earlier indorsement. It extends the subject of reinsurance to others besides Twombly & Co., who are holders of the plaintiff's open policies, but it limits such reinsurance to risks which equal or exceed in value the sum of $15,000. It is reasonable to conclude that the value contemplated in the latter indorsement is, in substance, the same as that specified in the previous. The subjects are cognate, and the two indorsements are in *pari materia*. Again, the last words in the indorsement under consideration fortify this construction. Here again we find an extension combined with a limitation. And the extension is not to reinsurance based upon a specification of value by the assured, or upon a specification of the company's outside liability to be impressed upon the face of the policy, but upon the real fact, namely, "*On cargoes of the value of $15,000 and upwards.*" There is nothing whatever in the policy or in the indorsement thereon to justify the belief that it was the intention to reinsure one-half of the plaintiff's liability to each of the assured whenever such assured chose, as between themselves and their insurer, to specify $15,000 or upwards as the value of the cargo laden. If such had been the intention, it would have been easy to express it. The substitution of the words " face amount " for the word " value " would then have been natural; but in that case we would have expected to find, in the last provision of this indorsement, a similar change. That is, instead of the words " on cargoes of the value of $50,000 and upwards," some such words as " on insurance to the face amount of $50,000 and upwards." As it is, the " value of the risk " was plainly the amount

of actual liability assumed by the company, namely, "the full value" of the cargo. That is, the real, and not the estimated, value. Indeed, that risk attached as soon as the merchandise was laden, and it could not be varied by a subsequent specification of value in excess of the fact. In the case at bar it is conceded that in none of the instances referred to in the complaint did the value of the cargo equal the sum of $15,000. That fact brings the case within the restrictions contained in the indorsement in question, and that restriction cannot be evaded by the act of the assured in specifying a value in excess of the "full value" of the merchandise laden. If even a substantial compliance with the requirement as to valuation, which is all that the law exacts, should lead to uncertainty in this business, then the reinsuring companies should at least be permitted to say whether they are willing to be bound blindly by the specification of value given by the assured. And the contract to that effect should be plain and conclusive.

The ruling at circuit was right; the exceptions should be overruled, with costs, and judgment should be entered accordingly.

Van Brunt, P. J., and Daniels, J., concurred.

Exceptions overruled, with costs, and judgment entered accordingly.